UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

February 20, 2025

MEMORANDUM TO PARTIES RE:        Jones v. Azim et al.
                                 Civil Action No. GLR-24-1821

Dear Parties:

Pending before the Court is Defendants' Dr. Mariam Azim, Dr. Andrew Egleseder, Ms. Marmie Fishel, Dr. Margaret Lauerman, and Ms. Ruth Huggins' (collectively, "University of Maryland Medical Center ['UMMC'] Defendants") unopposed Motion to Dismiss (ECF No. 10); Defendant Maureen Sammons and the Maryland State Board of Physicians' (collectively, the "Board") Motion to Dismiss (ECF No. 12); and self-represented Plaintiff Gary Jones' Motion to Appoint Counsel (ECF No. 16). No hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motions to Dismiss by UMMC Defendants and the Board, (ECF Nos. 10, 12), and deny as moot Jones' Motion to Appoint Counsel, (ECF No. 16).[1]

The Court will grant UMMC Defendants' Motion to Dismiss, (ECF No. 10), as unopposed. On June 24, 2024, self-represented Plaintiff Gary Jones filed the above-captioned Complaint in which he alleged violations of his Eighth and Fourteenth Amendment rights against UMMC Defendants and Ms. Maureen Sammons of the Maryland State Board of Physicians (collectively, "Defendants"). (Compl. at 3–5, ECF No. 1). On July 29, 2024, UMMC Defendants filed the instant Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Mem. Supp. Mot Dismiss at 2–5, ECF No. 10-1). Jones' Opposition was due on or before September 6, 2024. (See July 30, 2024 Rule 12/56 Notice, ECF No. 11). To date, the Court has not received an opposition to UMMC's Motion. Because the Court finds that UMMC's unopposed Motion is meritorious and well-founded, the Motion to Dismiss, (ECF No. 10), will be granted.

The Court will also grant the Board's Motion to Dismiss, (ECF No. 12), because Jones lacks standing to sue the Maryland State Board of Physicians. Plaintiffs in federal civil actions must demonstrate standing "for each claim [they] seek[] to press." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006); Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). To satisfy this requirement, plaintiffs must allege a personal injury that is particularized, concrete, and otherwise judicially cognizable. Raines v. Byrd, 521 U.S. 811, 818–19 (1997). Here, the Court finds that

---

[1] Also pending before the Court is the Board's Motion to Seal (ECF No. 13). The Court will grant the Motion because Jones' Complaint and Defendants' Memorandum contain sensitive personal health information. See Jones v. Blair Wellness Ctr, LLC, No. ADC-21-2606, 2023 WL 4352451, at *16 (D.Md. June 30, 2023) ("This Court has repeatedly found that sensitive medical or personal identification information may be sealed.") (internal quotation marks omitted).

Jones fails to assert any such personal injury by the Board. Jones alleges that the Board violated his Fourteenth Amendment rights by failing to take disciplinary measures against UMMC Defendants for performing what he perceived to be unnecessary surgeries. (Compl. at 8; see Maryland Board of Physicians Complaint 2, ECF No. 1-9). But as the Board correctly notes, a licensing agency's decision to not pursue disciplinary action against a licensee of the agency does not constitute a judicially cognizable injury for standing purposes. (Sammons' Mem. Supp. Mot. Dismiss at 8, ECF No. 12-1); see Perry v. Barnard, 911 F.2d 736, 1990 WL 121481, at *2 (7th Cir. Aug. 17, 1990) (holding that plaintiffs who sue individuals for their part in failing to discipline former attorneys lack standing to sue because such failures result in no palpable injury to the plaintiffs); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, the Court finds that Jones does not have standing to bring this action against the Board and will grant its Motion to Dismiss (ECF No. 12).

      For the foregoing reasons, UMMC's Motion to Dismiss, (ECF No. 10), the Board's Motion to Dismiss, (ECF No. 12), and the Board's Motion to Seal, (ECF No. 13), are GRANTED. Jones' Motion to Appoint Counsel, (ECF No. 16), is DENIED as moot, and the Complaint, (ECF No. 1), is DISMISSED without prejudice. The Clerk is directed to MAIL a copy of this Order to Jones at his address on record and CLOSE this case. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

                Very truly yours,

                _____/s/_____
                George L. Russell, III
                Chief United States District Judge