UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>Chief United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

September 17, 2025

MEMORANDUM TO PARTIES RE:        Jones v. Azim, et al.
                                                       Civil Action No. GLR-24-1821

Dear Parties:

      Pending before the Court is self-represented Plaintiff Gary Jones's Motion for Reconsideration. (ECF No. 22). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons discussed below, the Court will deny Jones's Motion.

      On February 20, 2025, the Court issued an Order granting Defendants Dr. Azim, Dr. Lauerman, Dr. Egleseder, Ms. Fishel, and Ms. Huggins's Motion to Dismiss as unopposed, granting the Maryland State Board of Physicians' (the "Board") Motion to Dismiss, granting the Board's Motion to Seal, denying Jones's Motion to Appoint Counsel, and dismissing the Complaint without prejudice. (Feb. 20, 2025 Order at 1–2, ECF No. 19). Jones filed a Motion for Reconsideration on February 28, 2025 (ECF No. 20), which the Court denied on March 20, 2025 (ECF No. 21). On April 1, 2025, Jones filed the instant Motion for Reconsideration of the Court's March 20, 2025 Order. (ECF No. 22).

      Jones's Motion for Reconsideration was filed within twenty-eight days of this Court's final judgment, so it must be considered under Federal Rule of Civil Procedure Rule 59(e). See Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). Rule 59(e) permits relief from a judgment in only three situations: (1) an intervening change in controlling law; (2) new evidence not available at trial; or (3) a clear error of law or manifest injustice. See U.S. ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017). Here, Jones argues that new evidence has emerged, showing that a member of the U.S. Marshals Service "maliciously refused to effectuate service of process" for two of the Defendants in this case. (Mot. Recons. at 1, ECF No. 22). Jones further contends that the U.S. Marshals Service is in the best position to obtain the correct address to serve Defendants. (Id. at 2). The Court disagrees. First, Jones fails to allege any facts that support his assertion against the U.S. Marshals Service. Second, it is well established that Jones, as the plaintiff, is responsible for providing the Court and the U.S. Marshals Service the proper address for serving each defendant named in this lawsuit. Bowman v. Johnson, No. CIV.A 308CV449HEH, 2010 WL 1225693, at *1 (E.D.Va. Mar. 26, 2010). Because Jones fails to provide this Court with any new evidence or new legal authority to justify reconsideration of the Court's decision, his Motion for Reconsideration (ECF No. 22) is hereby DENIED.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and MAIL a copy to Jones at his address of record.

Very truly yours,

_____/s/_____<br>
George L. Russell, III<br>
Chief United States District Judge